UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-81703-RLR

DESIREE LUCCIO &
REED FRERICHS,

    Plaintiffs,

v.

UPS, CO.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Remand [DE 11]. The Court has carefully considered Plaintiffs' Motion to Remand [DE 11] and Defendant's Opposition to Plaintiffs' Motion to Remand [DE 28] and is otherwise fully advised in the premises. For the reasons set forth below, the Court denies the Motion to Remand.

### I.  INTRODUCTION

On or about June 10, 2016, Plaintiffs filed their Complaint for negligence and medical negligence in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* DE 1-1 at 15. Plaintiffs' Complaint was brought against Reprotech Ltd., South Florida Institute for Reproductive Medicine, P.A., Jennifer Donnellan McCarthy, MD., and UPS. UPS filed a timely Notice of Removal on October 10, 2016. *Id.* On January, 24, 2017, this Court severed all Defendants other than UPS and remanded those Defendants to the Fifteenth Judicial Circuit. Only UPS remains as a defendant in this case.

In its Notice of Removal, UPS states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because Plaintiffs' Complaint alleges a violation of state law which is preempted under the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and therefore federal law exclusively governs. Having reviewed Plaintiffs' Complaint, the Court agrees.

## II.    LEGAL STANDARD

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id*. (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

"Whether federal question jurisdiction exists is determined by the 'well-pleaded complaint rule,' which provides whether a case 'arises under' federal law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim.'" *Bankunited v. Blum,* No. 14-81232-CIV, 2015 WL 328241, at *2 (S.D. Fla. Jan. 26, 2015) (quoting *Homes Group, Inc. v. Vorando Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002)).

## III.    DISCUSSION

Plaintiffs' Complaint contains one count against UPS, which facially does not "arise under the Constitution, laws, or treaties of the United States." Plaintiffs' count against UPS is a negligence claim related to its handing of Plaintiffs' cryopreserved embryos.

As support for its contention that Plaintiffs' Complaint is preempted by federal law, UPS points to the FAAAA (49 U.S.C. §§ 14501(c)(1) and 41713(b)(4)), which preempts state laws that are related to the price, route or service of an air carrier or carrier affected with a direct air carrier when the carrier is transporting property by aircraft or by motor vehicle. 49 U.S.C. § 41713(b)(4). While the FAAAA does not preempt every state law relating to the transportation of goods, negligence claims have been found to be preempted if the claim is related to the carrier's prices, routes or services. *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 671-673 (N.D. Ga. 1997) (citing *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-29 (1995)).  Courts have concluded that negligence claims are preempted by the FAAAA because the term "transportation," under the FAAAA, has been interpreted to include the storage and handling of goods when those services are "related to the movement" of property. *Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct 1769, 1778 (2013); 49 U.S.C. § 41713(b)(4).[1]  Here, Plaintiffs' Complaint asserts a negligence claim for the mishandling and damage of the cryopreserved embryos during their transportation to a storage facility.  UPS's handling and storage of the embryos relates to their transportation from one location to another which causes Plaintiffs' claim against UPS to fall within the scope of the FAAAA.

Plaintiffs argue that the FAAAA does not apply to its negligence claim because the shipment of the embryos in this case was intrastate and the FAAAA does not preempt intrastate shipments. However, the only explicit exemption applicable to this case under the FAAAA is "…the transportation of household goods, as defined in section 13102 of this

---

[1] Although the negligence claim in *Dan's City* was found to not be preempted by the FAAAA, the Court's conclusion in *Dan's City* was based upon the fact that the negligence claim in that case arose *after* the transportation of property.  *See Dan's City*, 133 S. Ct. at 1778.

3

title." 49 U.S.C. § 41713(b)(4)(2). The term "household goods" means "personal effects and property used or to be used in a dwelling, when a part of the equipment or supply of such dwelling, and similar property if the transportation of such effects or property is . . . paid for by the householder, except property moving from a factory . . . or arranged and paid for by another party." 49 U.S.C. § 13102(10). As there is no case law further defining "household goods" or defining cryopreserved embryos it can be assumed based on the plain meaning of each term that embryos are not considered a household item. Furthermore, the Defendant points to the fact that 49 U.S.C. § 14501(c)(1) is titled "Federal Authority over Intrastate Transportation" which implies the statute is meant to apply to intrastate transportation.

Plaintiffs' state law negligence claim against UPS is preempted under the FAAAA because the handling of the embryos during their movement across Florida is related to the "price, route or service" of UPS's transportation of those items. Plaintiffs' argument that the FAAAA only applies to interstate shipments is without merit because case law and statutory interpretation support the conclusion that the FAAAA was intended to apply to intrastate as well as interstate shipping unless otherwise exempted. For the reasons set forth above, the Court denies the Motion to Remand [DE 11].

## IV.  CONCLUSION

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUGED** that Plaintiffs' Motion to Remand [DE 11] is **DENIED**. Furthermore, as referenced in the Court's Order at docket entry 45, Plaintiffs may amend their complaint (1) to correct the corporate name of UPS, (2) to remove the severed and remanded Defendants, and (3) to add the new claims referenced in Plaintiffs' filing at docket entry 36, provided that Plaintiffs' amended complaint complies with the Court's rulings in the instant motion. Plaintiffs' amended

complaint must be filed within five (5) days of the date of rendition of this order.  Because the Court grants Plaintiffs leave to amend, Defendant's Motion to Dismiss at docket entry 13 is **DENIED AS MOOT**.

      **DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of January, 2017.

                                                            _____
                                                              ROBIN L. ROSENBERG
                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record